The next case on for argument is Beter v. Rupert Murdoch et al. May it please the Court, my name is J. Sanchez-Dorta. I'm here to answer any questions you might have about my brief, requesting the opportunity to amend my complaint. You have no argument to make in support of your claim? Beyond what I've written in my papers, Your Honor. I do have an argument, but I prefer to spend the limited time I have to address any questions you have. My papers request If you're not going to argue, you're entitled to. Your reply brief was filed after you received the appellee's brief, correct? Yes. And in your reply brief, there is not one word that answers anything they say in their brief, is that correct?  Now, you've already been sanctioned once by this Court for an inadequate brief, is that correct? I don't believe I've been sanctioned by this Court. I've been sanctioned by the District Court for inadequate lawyering, right? A thousand dollars? Correct, Your Honor. And another panel has issued a show cause order to ask why you should not be sanctioned for your performance in this Court, is that correct? Correct, Your Honor. And you have answered a response, but there's been no ruling? Yes, that is correct, Your Honor. With all that in the background, don't you think it was at best cavalier to file a reply brief that did nothing but quote from a book instead of answering the brief you were asked to? No, Your Honor. My understanding is that it was not necessarily required for me to file a reply brief. You chose to. Well, I chose to because of the fact that I spoke with my client, and my client asked me to file a reply brief, Your Honor. I thought that document, which didn't have one word in opposition to the appellee's brief, was proper lawyering. Your Honor, as I've explained in some of my papers, the issue of proper lawyering changes when one deals with the types of clients that I'm dealing with and dealing with the types of cases that I'm dealing with. We expect you as an officer of this court to exercise not only the duty you owe to your client, but the duty that you owe to this court. We have rules and standards by which we expect you to perform, and we also expect all attorneys who are asked by their clients to do things which may be totally inappropriate or in contravention of these rules to stand up to their clients and say, not going to do it, and if you insist that I do it, I'm leaving you. No, Your Honor. That's not a no. That might be the case, but I don't think that particularly applies to my reply. My reply . . . Why do you put in front of us something that has no bearing on our determination of the legal issues that are before us? Well, it's not to offend the court, really, Your Honor. It's to . . . You're not claiming, are you, that the client directed you as to the content of your reply? No, no, no, Your Honor. No, I'm not claiming that. That was entirely your decision. Yes, and it was a last-minute decision, Your Honor. Your Honor, the reason I prepared that is I do believe that quote from the book was that . . . I believe the kinds of cases that I'm bringing, Your Honor, under the conditions I'm bringing, are important to this court and important to this country. We've got a case here. I'm dealing with a situation where with two billionaires, Murdoch, Rupert Murdoch and Michael Bloomberg, billionaires and very politically powerful people, trading my . . . You're talking here about the content of your brief, not the merits of your case, just the content of your brief. I believe the content of my appellant brief was strong. The content of my reply was . . . Strong? Did you say . . . let me be clear. Strong or wrong? No, strong, Your Honor, strong, yes. It was entirely a quote from another book that had nothing to do with this case, is that right? Well, no. That . . . no, actually, that's the . . . when you're talking about my reply brief, yes, that was a quote, but I think it was pretty relevant to what the entire thrust of my argument here is, where you've got a situation where the law . . . okay, Your Honor, let's question it. Why are we here? We're here, Your Honor, in the end, ultimately, for justice, correct? Did you make any effort in your papers to show why the district court committed legal error? Yes, I did, I did. In my . . . What's the legal error? What's the effort that . . . Well, my argument in the appellate brief is . . . in my initial brief is the . . . deals with the Foman v. Davis case, which . . . Did you address whether . . . Which provides . . . . . . complaint states a cause of action upon which relief can be granted? Yes, I believe I did. I explained that there is a fraud here. I believe that Foman v. Davis provides me the opportunity to . . . a pretty liberal opportunity to amend my complaint. And ultimately, Your Honor, my concern here, and I think I tried to get that across in my reply, is to explain that we have a situation in this country and in these courts where we're dealing with a situation where law has become more important than justice. And my understanding, Your Honor, is that justice . . . Did you make the motion to amend? Yes, I did make the motion to amend, Your Honor. Did you make a proposed amended complaint? No, I did not, Your Honor. And the reason was because I had . . . and I explained . . . my papers explain this. I was hit with a motion for sanctions that was baseless. And quite frankly, I devoted I don't know how much time, a couple of weeks, to dealing with this . . . with all these papers when I'm a fellow who has a lot of very, very poor and very needy clients who, quite frankly, need justice. And quite frankly, the reason I bring these papers to this court is because I feel that you are not fulfilling your obligation to my clients. Thank you. We'll hear from Ms. Goldstein. May it please the Court. Linda Goldstein for all of the attorneys. Judge Daniels properly exercised his discretion when he denied Petra Beter's motion to amend her complaint. Even though Ms. Beter made her motion after we had filed our motion to dismiss and after we had identified all the many legal shortcomings in her complaint, she did not present the district court with a proposed amended complaint that purported to cure any of those legal defects. Nor did her papers otherwise suggest how she might cure any of those legal defects. When the district court gave Ms. Beter's counsel yet another opportunity to explain how she could state a cause of action at oral argument, he did not. On that record, Judge Daniels did not abuse his discretion when he held that any further amendment of the pleadings, because she had already amended her complaint once, would be an exercise in futility. The district court's decision provides three independent grounds for dismissing the two RICO claims in the amended complaint. The complaint was filed two years after the four-year statute of limitations had expired. Petra Beter has no standing to bring a RICO claim because she did not allege injury to her business or property, and she did not properly identify a RICO enterprise. Likewise, the district court's decision provides two independent grounds for dismissing the common law claims for fraud and breach of contract. They are time barred, and neither of them states a claim. Each of those rulings provides a separate ground for affirming Judge Daniels' ruling that it would be futile to permit another amendment of the complaint. And as has just been pointed out, none of those rulings has been challenged in this court. In fact, counsel's brief characterized those rulings as perfectly acceptable. That's at page 16 of his brief. Given the facts alleged in the amended complaint, the most generous possible reading, Petra Beter sought out Josh Margolin of the New York Post as well as other reporters and other news organizations because they wanted protection from the U.S. Attorney's Office and the associates of then-Mayor Bloomberg. Josh Margolin told her that the story itself would be protection, and it would only protect her if her name were in it. Margolin also told Petra Beter that if he were to go ahead and write the article, that he would contact Mayor Bloomberg's office and he would contact the U.S. Attorney's Office so that they would have an opportunity to respond to her allegations. And the amended complaint concedes that Margolin told Josie Beter that he was doing that. On these facts, there is no injustice in applying the law as it exists in the state of New York to Petra Beter's allegations. Plainly, the article that was published, which truthfully reported on the criminal referral that had been made to the U.S. Attorney's Office, was not the article that Petra Beter wanted Margolin to write. But even though the article included Petra Beter's name, which Margolin allegedly agreed not to print, there is no allegation that Mayor Bloomberg or the U.S. Attorney's Office ever reached out to Petra Beter after the article was published and threatened her in any way or harmed her in any way. In other words, the injuries that she feared by having her name published didn't happen. In this lawsuit, all she's seeking is damages for injury to a reputation. But those injuries are precluded by the one-year statute of limitations in New York for defamation claims, which applies to all claims that seek damages for injury to reputation. Unless the court has any questions, we ask the court to affirm the district court's denial of leave to amend. Thank you, Ms. Goldstein. Mr. Sanchez? Yes. Your Honor, my request is simply to be able to, to be permitted to, with the benefit of the arguments that have been before this court and the lower court, to be able to have the end with the time to be able to meet with my clients and one by one go through some of these points of law and their facts, and to devise a legally cognizable complaint. I think we all could, would agree that there was something very odd that went on here and the possibility that what occurred could not fit into a legally cognizable complaint boggles the mind. I think at one point, Your Honor, we've got a situation, I understand we have an adversarial system here, but we've got a situation where it has become more like the Coliseum, where you've got two gladiators going one after another, and the stronger gladiator wins. And the court, in the end, just stands back and has no, just stands back as a spectator. I'm trying to level the playing field here, Your Honor. That's all I'm trying to do. Thank you. Thank you both. We'll reserve decision in this case.